IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| vs. | § | CASE NUMBER: 5:19-CR-443 |
| | § | |
| JOSE ARMANDO AGUILAR (2) | § | |

**ORDER**

On August 23, 2019, the Court held a hearing on the Defendant's "Motion to Dismiss Current Court Appointed Attorney Mr. Kimbel Brown and Motion to Appoint Competent and Effective Attorney for the Replacement of Mr. Kimbel Brown" [#130]. Counsel for Defendant, Kimbel Brown, and Defendant Jose Armando Aguilar were both present at the hearing. (The Court excused the Government from attending.) Having reviewed Defendant's *pro se* motion, and after considering the representations made on the record by both the Defendant and his counsel at the hearing, and noting this is Defendant's first request for new counsel, the Court will grant the motion.

However, the Court emphasizes to Defendant that the Sixth Amendment establishes a defendant's right to counsel, but not an unqualified right to an attorney of the defendant's choice. *United States v. Magee*, 741 F.2d 93 (5th Cir. 1984). Instead, a "defendant is entitled to counsel capable of rendering competent, meaningful assistance in the preparation and trial of the pending charges, including appropriate evaluation and advice with reference to a plea of guilty." *United States v. Moore,* 706 F.2d 538, 540 (5th Cir. 1983). However, a "defendant is not entitled to an attorney who agrees with the defendant's personal view of the prevailing law or the equities of the prosecutor's case." *Id*. Moreover, although a "defendant is entitled to an attorney who will

consider the defendant's views and seek to accommodate all reasonable requests" as well as one "with whom he can communicate reasonably," a defendant "has no right to an attorney who will docilely do as he is told." *Id*. "Every defendant is entitled to the assistance of counsel dedicated to the proposition, and capable of assuring that, the prosecution's case shall be presented in conformity with the Constitution, rules of evidence and all other controlling rules and practices. No defendant has a right to more." *Id*.

Although nothing in the record or presented at the hearing suggests Defendant's current attorney falls short of this standard, Defendant indicated that he believes he will be able to have a more productive relationship with a new attorney. This is Defendant's first request for a new attorney and therefore the Court will grant it. However, as the Court stated on the record and now reiterates to Defendant, Defendant should work in good faith with his new attorney and expect that the attorney communicate reasonably, but he should not expect that any attorney the Court appoints would agree with him on every issue related to the case, would file everything with the Court that Defendant requests, or be able to meet with Defendant immediately whenever Defendant requests it. In accordance with the foregoing, and for the reasons stated on the record during the hearing:

**IT IS ORDERED** that Defendant's Motion to Dismiss Current Court Appointed Attorney Mr. Kimbel Brown and Motion to Appoint Competent and Effective Attorney for the Replacement of Mr. Kimbel Brown [#130] is **GRANTED**.

SIGNED this 23rd day of August, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE